# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| JOSHUA DAVID LEFTWICH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00008 |
| | ) | Chief Judge Crenshaw |
| NANCY BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Magistrate Judge has issued a 28-page Report and Recommendation ("R&R") (Doc. No. 20) recommending that Joshua David Leftwich's Motion for Judgment on the Administrative Record be denied. One Objection has been filed to the R & R. Specifically, Leftwich contends that a remand for consideration of the report by Dr. Leonardo Rodriguez, a neurosurgeon, is appropriate, even though Leftwich did not see him until ten days after the Appeals Counsel denied his request for review. That same argument was considered and properly rejected by the Magistrate Judge.

As the Magistrate Judge observed, "[r]emand for consideration of new and material evidence is appropriate only when the claimant shows that: (1) new, material evidence is available; and (2) there is good cause for the failure to incorporate such evidence into the prior proceeding. Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir. 1984)." (Doc. No. 20 at 25-26). Even accepting Leftwich's position that Dr. Cruz's report is "new" in the sense that it did not exist before the Social Security Administration denied his request for benefits, Leftwich has utterly failed to show "'that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988) citing Carroll v. Califano, 619 F.2d 1157, 1162

(6th Cir. 1980)." The Magistrate Judge explained:

> The records from Dr. Cruz are not substantially different from what was in the record at the time of the hearing, and contain inconsistencies that are similar to those in the remainder of the record. For example, Plaintiff reported to Dr. Cruz that he had experienced neck pain since 2015, and that the onset of symptoms was not associated by any specific event or activity. TR 1. In other records, however, Plaintiff had reported that his neck and arm problems dated back to 2010 and worsened in 2012, and that the source of the neck pain was either a motor vehicle accident or yard work. See, e.g., TR 23, 43, 326, 715. Dr. Cruz's assessment was based solely on a physical examination and Plaintiff's self-reported symptoms, and there is no evidence that Dr. Cruz conducted any objective diagnostic tests to make his assessment. TR 1-4. The records submitted merely duplicate the information already in the record, and therefore do not constitute new and material evidence.
>
> Even if the records from Dr. Cruz had been part of the record before the ALJ, "substantial evidence" supports the ALJ's findings and inferences. The ALJ's decision demonstrates that he carefully considered the testimony of both Plaintiff and Vocational Expert, Rodney Caldwell, observed Plaintiff during his hearing, assessed the medical records, and reached a reasoned decision. Additionally, the records from Dr. Cruz, when reviewed along with the record as a whole does not warrant changing the ALJ's decision. Thus, there is no "reasonable probability that the Secretary would have reached a different disposition of the disability claim" if the records from Dr. Cruz had been part of the record before the ALJ.

(Id. at 26-27). Leftwich does not address these conclusions or suggest that the Magistrate Judge's summary of the record in this regard is incorrect.

Accordingly, and having considered the matter *de novo* as required by Rule 72 of the Federal Rules of Civil Procedure, the Court rules as follows:

(1) the R&R (Doc. No. 20) is **ADOPTED** and **APPROVED**;

(2) Leftwich's Motion for Judgment on the Administrative Record (Doc. No. 15) is **DENIED**; and

(3) the Commissioner's decision denying Supplemental Security Income is **AFFIRMED.**

The Clerk of the Court shall enter a final judgment.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE